UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN ARCHER, JOVAN NEALY, an MARCUS DIGGS, and 42 Absent Unamed Plaintiffs,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN RETTER, DOE's 1 thru 10, and CCHCS et al.,<br><br>Defendants. | Case No. 2:20-cv-00759-DSF (JDE)<br><br>MEMORANDUM AND ORDER OF DISMISSAL |

## I.

## INTRODUCTION

On January 24, 2020, John Archer and Marcus Diggs ("Plaintiffs"), prisoners in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at California State Prison in Lancaster, California (the "Prison"), proceeding pro se, presented for filing a "Civil Rights Complaint," citing 42 U.S.C. § 1983 ("Section 1983" or "§ 1983"), identifying themselves, Jovan Nealy and "42 Absent Un[n]amed" persons as plaintiffs, although only Plaintiffs signed the Complaint, and Stephen Retter, Does 1-10, and "CCHCS" as defendants. Dkt. 1 ("Complaint") at 1, 12.

On January 29, 2020, after being advised of the defects set forth herein, Plaintiffs were ordered to, within 30 days, either file an amended complaint or file a notice of an intent to proceed with the Complaint as alleged. Dkt. 5 ("Order"). Although Plaintiff Archer requested and received additional time to pay the unpaid filing fee (Dkt. 12, 13), Plaintiffs did not seek additional time to otherwise comply with the Order and did not file an amended complaint or a notice of intent within 30 days of the Order.

Under 28 U.S.C. § 1915(A)(b), the Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. For the reasons set forth below, the Court finds that the Complaint fails to state a claim upon which relief may be granted and seeks damages from a defendant who is immune from such relief and therefore must be dismissed.

## II.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiffs filed the Complaint on their own behalf and purportedly on behalf of "500 similarly situated" and seek a declaration "that they have a right not to have their personal and families['] private Doctor[-]patient privileged information of Health care randomly stored in one place of practice that can be easily sought after and stolen and/or hacked for fraud[u]lent schemes in iden[t]ity fraud used for criminal activities, and further . . . enjoin the enforcement in cooperation of investigation, related to business activities and job procedures that need be 'Ceased' because security protocols ha[d] been and [are] a failure." Complaint, ¶ 1 (ellipsis in original). Plaintiffs seek to proceed "as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and others similarly situated . . . who are incarcerated across the State of California's 34 prisons." Id. ¶ 3. Plaintiffs allege defendant Retter is CCHCS's "CEO Administrator," Doe #1 is a medical records

2

director, Doe #2 is a health care records technician supervisor, and DOE #3 is a health care records technician. Id. ¶¶ 7-10, 15. Plaintiffs assert that on or about May 20, 2016, CCHCS mailed a letter to members of the class stating that health care and other sensitive information may have been stolen from an unattended laptop. Id. ¶ 14. Plaintiffs claim: "Defendants craft[i]ness has been misleading by fraud[u]lent explanations . . . about how this whole situation came about in the seriousness of security breach in its carelessness to follow work policy and procedures . . ." causing Plaintiffs to, although suffering no physical injury or illness, but instead "fear of fraud" and a "threat of fear by identity theft/fraud." Id. ¶¶ 16-18.

Plaintiffs allege three "causes of action": (1) "defendants" breached "it's [sic] duty of security to protect health care information"; (2) "Defendants with malice intent and careless disregard in that of foreseeability and certainty of plaintiffs and others in class similarly situated are in and uneasy position of future risk of identity fraud; and (3) Defendants Stephen Retter CEO and designee administrator of CCHCS" and Does 1-3 "caused injury" to Plaintiffs by not properly monitoring employees and security. Complaint, ¶¶ 19-27. Plaintiffs seek a restraining order, injunctive relief prohibiting "defendants" from "harassment to become a [nuisance] for filing the lawsuit" and damages, among other things. Id. at pp. 11-12.

## III.
## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(A)(b), a district court must dismiss a complaint by a prisoner seeking redress against a governmental entity or official when such a complaint fails to state a claim upon which relief may be granted or seeks damages from a defendant immune from such relief. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri

v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). When screening a complaint to determine whether it states a viable claim, courts apply the same standard used to evaluate a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) ("Rule 12(b)(6)"). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).

A complaint must allege enough facts to provide both "fair notice" of the claim being asserted and "the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation omitted); see Fed. R. Civ. P. 8(a). While detailed factual allegations are not required, a complaint with "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "naked assertion[s] devoid of further factual enhancement" would not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted).

In reviewing a complaint, factual allegations are accepted as true and construed in the light most favorable to the plaintiff. See Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Pro se complaints are "liberally construed" and held to a less stringent standard than those drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see also Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003). But "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

If a complaint is found deficient, a court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it is possible the defects can be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). If, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where an amendment would not cure the "basic flaw" in the pleading).

## IV.

## DISCUSSION

**A.    The Civil Rights Act (42 U.S.C. § 1983)**

Section 1983 creates a civil right of action for violations of constitutional or other federal rights committed by persons acting under color of law. See Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). It "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nev. ex rel. Nev. Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (quotation marks omitted). To state a claim, a plaintiff must allege a defendant, acting under color of state law, caused a deprivation of the plaintiff's federal rights. West v. Atkins, 487 U.S. 42, 48 (1988).

A defendant is not liable under Section 1983 absent a causal connection between the defendant's wrongful conduct and the deprivation. See Iqbal, 556 U.S. at 676; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A

plaintiff must "set forth specific facts" establishing the defendant's "individual fault." Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988) ("A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." (alterations in original)).

Thus, in a civil rights action, a supervisor is not liable for a subordinate's conduct under a theory of respondeat superior. See Iqbal, 556 U.S. at 676. Instead, a plaintiff must show there is "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). To hold a supervisor officer liable, a plaintiff must allege facts showing that the supervisor: (1) personally participated in or directed the alleged violations; (2) knew of the alleged violations and failed to prevent them; or (3) promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Id. (quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987)).

Lastly, "'liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.'" Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)); see also Daniels v. Williams, 474 U.S. 327, 331 (1986) ("Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property"). Negligence is not actionable under Section 1983 as a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." Id. at 332.

///

B. **The Complaint Fails to State a Claim Upon Which Relief Can Be Granted and Seeks Damages from a Party Immune from Such Relief**

Here, the Complaint fails for several reasons. First, the three "causes of action" do not, in a non-conclusory fashion, allege what federal statutory or constitutional rights were violated. As noted, to state a claim under Section 1983, a plaintiff must allege that a defendant, acting under color of state law, caused a deprivation of the plaintiffs' federal rights. West, 487 U.S. at 48. The three "causes of action" do not a violation of the Constitution or any federal statute. Further, although the Complaint purports to "incorporate by reference" prior allegations, the nature of any alleged underlying constitutional or statutory claim is unclear. Plaintiffs claim that someone allowed prisoners' sensitive medical, financial, and personal information to be exposed and possibly stolen, and CDCR or CCHCS officials did not do enough to secure the information or properly advise prisoners of the potential theft. Although the Complaint occasionally makes conclusory references to the First, Eighth, and Fourteenth Amendments, it is unclear how any conduct alleged would violate those provisions. The allegations in the Complaint, other than labels and conclusions, do not raise a right to relief above the speculative level and do not provide "fair notice" of the claim being asserted or "the grounds upon which [that claim] rests" and thus fail to state a claim. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555 & n.3.

Second, although the Complaint identifies five defendants, one entity and four individuals, it repeatedly makes allegations against collective "defendants" without specifying which defendants did what. In so doing, the Complaint does not provide notice to each defendant of what action or inaction by that defendant caused any alleged constitutional harm. See Leer, 844 F.2d at 633. Such vague and conclusory allegations, untethered to the

7

conduct of any specific defendant, are insufficient to state a claim. See Iqbal, 556 U.S. at 678; see also Ivey, 673 F.2d at 268.

Third, the California Correctional Health Care Services and its officials sued in their official capacities are not subject to claims for damages under Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64–66 (1989). The CDCR and CCHCS as state agencies are entitled to Eleventh Amendment immunity as to claims for damages. See Brown v. Cal. Dep't of Corrections, 554 F.3d 747, 752 (9th Cir. 2009). To overcome such immunity, Plaintiffs must show either the State has "unequivocally expressed" its consent to waive its sovereign immunity or Congress must have abrogated it. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99–100 (1984). California has consented to be sued in its own courts pursuant to the California Tort Claims Act, but such consent does not constitute consent to suit in federal court. See BV Engineering v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988). And Congress has not abrogated State sovereign immunity against suits under Section 1983. Peltier-Ochoa v. Miele, 2012 WL 4107924, at *1 (C.D. Cal. Aug. 28, 2012). Thus, to the extent the Complaint asserts claims for damages against CCHCS or official capacity claims for damages against CCHCS employees, those claims are barred.

Fourth, although the Complaint is sometimes contradictory, the essence of Plaintiffs' claims sound in negligence, with assertions of "carelessness," a "negligent act," a "breach of duty," "careless disregard." Such allegations are insufficient to show a constitutional violation under Section 1983. See Kingsley, 135 S. Ct. at 24725; County of Sacramento, 523 U.S. at 849 (1998); Daniels, 474 U.S. at 331-32.

As the Complaint seeks damages from a party immune from such relief and fails to state a claim on which relief may be granted, it must be dismissed.

## C. The Complaint's Class Allegations Are Improper

Plaintiffs purport to bring this action as a "class action" on behalf of other inmates as well as themselves. However, "[a] litigant appearing in propria persona has no authority to represent anyone other than himself" in a civil rights action. Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962); see also Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir. 1981) ("[A]n inmate does not have standing to sue on behalf of his fellow prisoners. Rather, the prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." (citations omitted)). Further, "[a]lthough a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted); see also McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (same); see also Local Civil Rule 83-2.2.1 ("Any person representing himself or herself in a case without an attorney must appear pro se for such purpose. That representation may not be delegated to any other person -- even a spouse, relative, or co-party in the case.").

Thus, Plaintiffs here may not appear on behalf of or purport to represent the interests of anyone other than themselves. That includes on behalf of Jovan Nealy, who is named as a plaintiff but did not sign the Complaint.

Plaintiffs suggested that they would "opt to bowing out" of pro se status if the Court appointed counsel. Complaint, ¶ 12. The Court denies Plaintiffs' suggestion. There is no constitutional right to appointed counsel in a civil rights case. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent a party who is unable to afford counsel. However, Plaintiffs request that counsel be "appoint[ed]." Section 1915(e)(1) does not authorize

9

appointment of counsel to involuntary service. See Mallard v. U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 310 (1989); United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). If Plaintiffs are seeking funds from the Court to pay counsel, "[t]he Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (citing United States v. MacCollom, 426 U.S. 317, 321 (1976)). Congress has not provided funds to pay counsel secured under 28 U.S.C. § 1915(e). See 30.64 Acres of Land, 795 F.2d at 801. Thus, the Court treats Plaintiffs' suggestion as a request that the Court request an attorney to represent Plaintiffs without compensation. After an evaluation of both "the likelihood of success on the merits" and Plaintiffs' abilities "to articulate [their] claims pro se in light of the complexity of the legal issues involved," Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986), the Court finds no such exceptional circumstances here. As a result, the request to appoint counsel is denied.

The purported class claims are improper, as is Plaintiffs' effort to act on behalf of Jovan Nealy, who did not sign the Complaint or otherwise appear in this action. The dismissal here is against Plaintiffs John Archer and Marcus Diggs only, as Jovan Nealy never became a party to the action.

**D.    Leave to Amend Is Not Warranted Here**

As noted, although leave to amend a deficient pleading should be granted if the defects could be corrected, especially if the plaintiff is pro se, where it is absolutely clear that further amendment cannot cure the defects, "there is no need to prolong the litigation by permitting further amendment." Chaset, 300 F.3d at 1088; Cato, 70 F.3d at 1105-06. Here, the Court finds that further leave is not warranted as it is absolutely clear that further leave to amend would not cure the defects. In support of this finding, the Court notes

that Plaintiffs were afforded an opportunity to amend the Complaint (see Order, Dkt. 5, at 8-9), but they chose not to do so. Further, Plaintiffs did not timely respond to the Order to either file an amended complaint or file a notice of an intent to stand on the Complaint, despite a warning that such a failure could result in a dismissal of the action. As the Court finds further amendment would be futile, dismissal will be without leave to amend and with prejudice.

## V.
## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED THAT: (1) the action is dismissed with prejudice; and (2) Judgment be entered in accordance with the foregoing.

DATED: March 18, 2020

*/s/ Dale S. Fischer*
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

Presented By:

*/s/ John D. Early*
JOHN D. EARLY
United States Magistrate Judge